{¶ 10} I must respectfully dissent. I believe that the trial court reached the correct result based on the facts and the law applicable to this case.
 {¶ 11} The initial inquiry is whether there was a breach of the policy's prompt notice requirement. A prompt notice requirement is breached if the delay on the part of the insured in providing the required notice is unreasonable; that is, the required notice was not given "within a reasonable time in light of all the surrounding facts and circumstances." Ferrando v. Auto-Owners Mutual Insurance Company,98 Ohio St.3d 186, 2002-Ohio-7217, ¶ 90; quoting Ruby v. MidwesternIndemn. Co., (1988), 40 Ohio St.3d 159, syllabus.
 {¶ 12} Although the question of whether notice is provided within a reasonable time "is usually a question of fact for the jury, an unexcused significant delay may be unreasonable as a matter of law."Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau (1999),88 Ohio St.3d 292, 300. The delay in this case is indeed significant. Although the accident occurred in September, 1990, appellee was not notified of appellant's claim until it received its service of summons in this lawsuit in April, 2003. A child entering kindergarten in the year of the accident would have become old enough to obtain a driver's license when notice was finally given. Also, within this span of more than 11.5 years, Ohio has been served by three different governors; George H.W. Bush served his final two years as President of the United States; Bill Clinton served two full terms as President; and President George W. Bush was half way through a term. Thus, it cannot be disputed that a very significant amount of time has passed between the date of the accident and the giving of the required "prompt" notice.
 {¶ 13} The question remaining to be answered in determining whether the delay was unreasonable as a matter of law, then, is whether this significant delay is excusable. Appellant argues that the delay was occasioned by the Supreme Court's failure to articulate the law governing this matter until that Court's June, 1999, decision in Scott-Pontzer v.Liberty Mutual Fire Ins. Co. (1999), 85 Ohio St.3d 660. Appellant asserts he had no ability to make a claim until that time. In this regard, I must agree with the reasoning of the Ninth District Court of Appeals that "awaiting a favorable supreme court decision is not a reasonable excuse" for such significant delay. Smith v. Liberty Mutual Ins. Co., Summit App. No. 21311, 2003-Ohio-3160, ¶ 62; citing Gidley v. CincinnatiIns. Co., Summit App. No. 20813, 2002-Ohio-1740, ¶ 9. See also,Kerwood v. Cincinnati Ins. Co., Franklin App. No. 02AP-575,2002-Ohio-7024, ¶ 27, discretionary appeal not allowed,98 Ohio St.3d 1540, 2003-Ohio-1946, reconsideration denied99 Ohio St.3d 1439, 2003-Ohio-2902.[1]
 {¶ 14} I would hold, therefore, that the delay in providing the "prompt notice" in the case before us was unreasonable as a matter of law. The interests of justice are not served by inviting into the courts of this state scores and scores of stale claims.
 {¶ 15} Under the Supreme Court's holding in Ferrando, the appellee-insurer is presumed to be prejudiced by the failure of the appellant-claimant to provide prompt notice. Ferrando, 98 Ohio St.3d at ¶ 90. This presumption does not preclude appellant from succeeding on his claims. But to do so, he must rebut the presumption with credible evidence showing that appellee, in fact, has not been prejudiced by appellant's failure to promptly notify appellee.
 {¶ 16} Appellant asserts in his brief, as he did at oral argument, that a judgment was obtained against the tortfeasor in this case and that such judgment is assignable to appellee. Appellant concludes that this establishes a lack of prejudice to appellee, or, at least, presents an issue of material fact in that regard, and, for that reason, summary judgment in favor of appellee is not appropriate.
 {¶ 17} Under Civ.R. 56(E), "* * * an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Appellant has not provided sufficient facts, by affidavit or otherwise, to create a genuine issue of material fact as to whether appellee has not been prejudiced by the failure to provide timely notice.
 {¶ 18} Appellant's legal arguments do not overcome the presumption of prejudice to appellee. The judgment to which appellant refers was a default proceeding. Appellee had no notice of the litigation, no opportunity to participate, no opportunity to examine plaintiff or his injuries, and no opportunity to examine the tortfeasor on liability issues. Moreover, the default judgment obtained in that proceeding is now, by the passage of time, dormant. Construing the evidence most strongly in favor of appellant, nothing appellant has presented creates a genuine issue of material fact tending to rebut the presumption of prejudice resulting from the untimely notice.
 {¶ 19} For the foregoing reasons, I would sustain the trial court's grant of summary judgment for appellee in this matter.
[1] In Smith, id., the plaintiff provided notice to the insurer eight years after the accident. The delay was four years in Gridley, id., and in Kerwood it appears to be between four and six years.